UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BLAKES, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 16-CV-3107 |
| DIRECTOR GODINEZ, et. al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in the Western Illinois Correctional Center, seeks leave to proceed in forma pauperis.

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a

claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff filed an original complaint pursuant to 42 U.S.C. §1983, but he submitted a document one month later which was filed as motion for leave to file an amended complaint.[8] The motion to amend is granted pursuant to Federal Rule of Civil Procedure 15 and the Court will consider the claims in the most recent complaint.[8]

Plaintiff says his constitutional rights were violated at the Western Illinois Correctional Center by Illinois Department of Corrections (IDOC) Director Godinez, Major Byron Law, Lieutenant John Hamilton, Warden Jeff Korte, Major John Doe #1, Lieutenant John Doe #2, the Special Operations Response Team, all supervisors of the response team, and Operations Chief Yukovick.

Plaintiff's complaint focuses on statewide cell shakedowns and inmate searches in April of 2014. Plaintiff says the first search at Western Illinois Correctional Center took place on April 16, 2014. Plaintiff says he was forced to strip naked, spread his buttocks, lift his penis, and then use his fingers to open his mouth for

inspection. Plaintiff says there were female officers in the area. Officers then applied painfully tight handcuffs and Plaintiff's "head was roughly forced down on the back of the inmate in front of him." (Amd. Comp., p. 7). Plaintiff says he had to walk in this painful, crouched position to the gym. When he complained of pain to the officers, he was told to shut up.

Once inside the gym, Plaintiff had to stand with his head against the wall for an hour and a half. At one point, officers twisted his arms and shoulder while he was still handcuffed causing additional pain. The incident aggravated an existing back injury, but when Plaintiff again asked officers for medical care, he was ignored.

Plaintiff is unable to identify the members of the Special Operations Response Team or "Orange Crush" who were involved, but he says Defendants Law, Hamilton, Major John Doe #1, and Lieutenant John Doe #2 supervised the operation and "failed to intervene when they observed the cruel acts." (Amd. Comp., p. 5)

Plaintiff also alleges officers took or destroyed his property and did not provide a shake-down slip explaining any basis for their actions.

On April 18, 2014, the Orange Crush team conducted a second shake-down of all segregation cells. Plaintiff does not allege he was strip searched on this occasion, but he says handcuffs were again applied too tightly. This time Plaintiff was forced to kneel on cement for a thirty minutes. Plaintiff says the pain was so excruciating, he fell to the ground on two occasions. The second time, Orange Crush members began to kick Plaintiff in his ribs and face. Again, Plaintiff says he cannot identify the Orange Crush members, but says Defendants Law, Hamilton, Major John Doe #1, and Lieutenant John Doe #2 supervised and "failed to intervene on these procedures and acts." (Comp., p. 8).

Plaintiff says the shakedowns were part of a statewide procedure ordered by IDOC Director Godinez who is responsible for the "unconstitutional training and procedures practiced on the inmates" by the Orange Crush team. (Amd. Comp, p. 7). In addition, Plaintiff says Western Illinois Correctional Center Warden Korte was aware of the training and procedures used at his facility.

Finally, Plaintiff alleges the "entire IDOC Special Operations Team," all supervisors, and Chief of Operations Yukovich are each responsible for the suffering of the Plaintiff and all other inmates

during the searches and shakedowns.  Plaintiff is requesting damages as well as injunctive relief.

## ANALYSIS

"A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015); *see also Ephrain v. Gossett*, 2016 WL 3390659, at *3 (C.D.Ill. June 17, 2016).

> Even where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate and cause psychological pain. In short, where there is no legitimate reason for the challenged strip-search or the manner in which it was conducted, the search may involve the unnecessary and wanton infliction of pain in violation of the Eighth Amendment.  *King*, 781 F.3d at 897 (internal citations omitted).

Plaintiff's description of the April 16, 2014 strip search as well as being forced into painful positions for extended periods on both April 16, 2014 and April 18, 2014 state Eighth Amendment violations.  *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir.2003)

(a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Ephrain*, 2016 WL 3390659 at *3 (plaintiffs allegations involving "waiting in the gym over an extended period of time are sufficient to state a claim that the members of the Orange Crush team behaved in a way that was either calculated to harass him or intended to humiliate him and cause him psychological pain."). Plaintiff may proceed with both of these claims against the John Doe members of the Orange Crush team who specifically took part in the alleged actions. *Ross v. Gossett*, 2016 WL 335991, at *3 (S.D. Ill. Jan. 28, 2016)("[c]orrectional officers may not benefit from a plaintiff's inability to identify particular officers who were involved in an alleged violation of inmate rights."). Nonetheless, Plaintiff will need to identify each of these John Doe Defendants during discovery and link each individual to the alleged conduct.

Plaintiff also adequately alleges members of the Orange Crush team used excessive force against him on April 18, 2016, when they kicked him after he fell to the ground, and Orange Crush members violated his Eighth Amendment rights when they were deliberately

indifferent to his serious medical condition by refusing him care on April 16, 2016.

Plaintiff further alleges Defendants Law, Hamilton, John Doe #1, and John Doe #2 had a reasonable opportunity to prevent the Orange Crush members from violating Plaintiff's constitutional rights on both occasions, but failed to do so. Plaintiff may proceed with his claim of failure to intervene against these Defendants.

Finally, Plaintiff has stated an official capacity claim against IDOC Director Godniez and Warden Korte for the policies and practices used by the Orange Crush team on April 16 and April 18 of 2014.

However, to the extent Plaintiff was attempting to file a lawsuit on behalf of all inmates against all members of the Orange Crush teams throughout the state, he cannot do so. Plaintiff is the only individual who has signed the complaint. *See Haywood v. Godinez*, 2014 WL 5396167, at *2 (S.D.Ill. Oct, 22, 2014)(each plaintiff must sign the complaint and pay the filing fee). He has not filed a class action lawsuit, nor could he proceed with a class action as a pro se litigant. *See Rutledge v. Lane*, 2000 WL 689191, at *4 (7th Cir. May 25, 2000). In addition, Plaintiff may only sue defendants who were

directly involved in the conduct against the Plaintiff. *See Munson v. Gaetz,* 673 F.3d 630, 637 (7th Cir.2012).

Plaintiff has failed to articulate claims against Operations Chief Yukovick or all Orange Crush Supervisors. The theory of *respondeat superior* or supervisor liablity does not apply to claims pursuant to §1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008); *Monell v. N.Y. City Dep't Soc. Servs.,* 436 U.S. 658, 691 (1978) (no *respondeat superior* liability); *see also Hosty v. Carter,* 412 F.3d 731, 733 (7th Cir.2005) ("[Section] 1983 does not create vicarious liability[.]").

Finally, Plaintiff has failed to state a claim based on the taking or destruction of his property on April 16, 2014. Plaintiff may file a tort claim in the Illinois Court of Claims concerning his property, and therefore "he has an adequate post-deprivation remedy and his due process rights thus were not violated with respect to property seized during the shakedown and not returned, or returned in damaged condition."*Morissette v. DeTella,* 1997 WL 619851, at *8 (N.D.Ill. Sept. 29,1997): *see also Hudson v. Palmer,* 468 U.S. 517, (1984)( a prisoner whose property had been intentionally destroyed

during a shakedown was not deprived of due process because the state provided an adequate post-deprivation remedy.)

MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for the appointment of pro bono counsel.[4] Although there is no right to court appointed counsel in federal civil litigation, district courts may ask attorneys to represent indigent litigants on a volunteer basis. *See* 28 U.S.C. § 1915(e)(1).

> Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *reh'g denied* (May 16, 2014)

In deciding this issue, district courts must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has demonstrated at least some attempt to find

counsel on his own. Therefore, the court must move on to the second inquiry involving the Plaintiff's ability to litigate his claims.

The Plaintiff states simply that he is unable to afford counsel. However, Plaintiff's complaint is literate and on-point, coherently setting forth the factual basis of his claims and describing in detail what happened, the pain he experienced, and the defendants' responses to his pleas. Through simple discovery requests Plaintiff should be able obtain his medical records to corroborate his medical problems. Plaintiff also may testify personally to the specific events which happened, the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). The Court also notes Plaintiff has at least some experience litigating §1983 claims. *See Blakes v Baker*, Case No. 13-3307.

Finally, once the Defendants are in the case, the Court will enter a scheduling order which sets deadlines, provide important information for a pro se litigant, and requires the parties to provide

initial discovery. Based on the record before the Court, Plaintiff's motion is denied. [8]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) John Doe Orange Crush members violated Plaintiff's Eighth Amendment rights during a strip search and shakedown on April 16, 2014; b) John Doe Orange Crush members violated Plaintiff's Eighth Amendment rights during a shakedown on April 18, 2014; c) John Doe Orange Crush members were deliberately indifferent to a serious medical condition on April 16, 2014; d) John Doe Orange Crush Members used excessive force against the Plaintiff in violation of his Eighth Amendment rights on April 18, 2016; e) Defendants Law, Hamilton, John Doe #1, and John Doe #2 failed to intervene to stop the violation of Plaintiff's constitutional rights on April 16, 2014, and April 18, 2014;  and, f) Defendants Godinez and Korte violated Plaintiff's Eighth Amendment rights based on the unconstitutional policy and practice of the Orange Crush team. Any additional claims shall not be included in the case,

except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [8]; 2) Deny Plaintiff's motion for appointment of counsel[4]; 3) Dismiss all Defendants named in the amended complaint except Defendants Law, Hamilton, John Doe #1, John Doe #2, Godinez, and Korte; 4) Add Defendants John Doe Tactical Team Members; 5) Attempt service on Defendants pursuant to the standard procedures; 6) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 7) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  7/22/2016

FOR THE COURT:               s/ Sue E. Myerscough
                             _____
                                SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE